[Crim. No. 1873. First Appellate District, Division Two.—April 16, 1936.]

THE PEOPLE, Respondent, v. CHARLES ESCOFFEN, Appellant.

A. J. Hennessy for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against William Pierce, Ernest Vidal, Gerald Mc-

Mahon and this defendant, charging them with having committed the crime of burglary. All pleaded not guilty. Before the trial William Pierce changed his plea to guilty. The other defendants were tried before the court sitting with a jury. The latter returned a verdict against all of the defendants on trial and found the offense to be burglary in the second degree. Escoffen made a motion for a new trial and also one for probation. Both motions were denied. From the judgment of conviction and from the order denying his motion for a new trial the defendant Escoffen has appealed.

He presents and argues two points. ██ He contends that the evidence was insufficient and in that connection he asserts that the evidence of identification was insufficient. The point may not be sustained. All four of the persons named above left the Uptown Club on Market Street, entered an automobile owned by the defendant Vidal, and started out to locate a place to burglarize. They started on their ride about 11:30 P. M. on September 20, 1935, and drove to different places. At about twenty minutes after 2 the next morning a disturbance was heard in front of the store located at 1021 Golden Gate Avenue. On the opposite side of the street there is an apartment house under the management of Leo Bercu. One of his tenants was Harry Mervine. The latter testified that his attention was attracted to the noise across the street. He looked out of the window and saw two men at first walk away from the store at 1021 Golden Gate Avenue and then return, break open the door, and enter. After they entered the store Mervine reported to Bercu and the latter called the police. Before the police arrived, Escoffen came out, crossed Golden Gate Avenue, and stood near the automobile. Still standing at the window and watching Escoffen, when the police arrived Mervine called from the window informing them that one person had gone into the store and was still in there and that Escoffen, who stood by the automobile, had just come out. Later Mervine went down stairs and there saw Escoffen and the other defendants, all of whom were placed under arrest. Both Mervine and Bercu appeared at the trial and identified this defendant. Under these circumstances we think it is perfectly clear that it may not be said the evidence of identification was insufficient.

In making his opening statement to the jury the district attorney, among other things, stated that the defendant Pierce had pleaded guilty. No objection or exception was taken to the remark. Indeed, it is difficult to appreciate what objection could have been taken to the statement. Near the end of the trial in clarifying the testimony of one of the police officers the trial court asked him if Pierce was the man who had pleaded guilty. He replied that he was. Thereupon counsel for the defendant stated, "I move to strike that out and assign that as misconduct." However, he did not ask that the jury be admonished to disregard it. Counsel have not cited any authority and we know of none that would justify us in holding that the question propounded by the court, the answer thereto, or both taken together were, under the facts contained in this record, prejudicial error.

The judgment and the order denying the defendant's motion for a new trial are both affirmed.

Nourse, P. J., and Spence, J., concurred.